# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMUEL HELMS, Individually and on behalf of all others similarly situated, § § § § § Plaintiff, § § v. § § PRODUCERS SERVICE CORPORATION § § Defendant. § § § | Civil Action No. CIV-18-684-HE<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Samuel Helms bring this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Producers Service Corporation. ("PSC" or "Defendant") at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## I.
## OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, to recover overtime wages.

2. Plaintiff and the Putative Class Members are those current and former employees who worked for PSC at any time from since July 16, 2015 through the final disposition of this matter, were paid on an hourly basis plus non-discretionary bonuses, and

*Original Collective Action Complaint* Page 1

were actually paid overtime, but the non-discretionary bonuses were not included in the calculation of their overtime rate.

3. The FLSA requires that all forms of compensation—including the non-discretionary bonuses paid to Plaintiff and the Putative Class Members—be included in the calculation of the regular rate of pay for overtime purposes.

4. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

5. Plaintiff and the Putative Class Members were not paid at the proper overtime rate of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. The decision by PSC not to pay the proper overtime rate to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

7. PSC knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

8. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

9. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiff prays that all similarly situated employees (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

11. Plaintiff Samuel Helms worked for PSC within the relevant time period. Plaintiff Helms did not receive the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The Putative Class Members include those current and former employees who worked for PSC at any time since July 16, 2015 and have been subjected to the same illegal pay system under which Plaintiff Helms worked and was paid.

13. Producers Service Corporation ("Defendant" or "PSC") is an Ohio limited liability company, licensed to and doing business in Oklahoma, and may be served through its registered agent for service of process: **The Corporation Company, 1833 South Morgan Road, Oklahoma City, Oklahoma 73128**.

## III.
## JURISDICTION & VENUE

14. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq*.

15. This Court has personal jurisdiction over PSC because the cause of action arose within this District as a result of PSC's conduct within this District.

---

[1] The written consent of Samuel Helms is attached hereto as Exhibit A.

16. Venue is proper in the Western District of Oklahoma because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. Specifically, PSC maintains a working presence throughout the State of Oklahoma and Plaintiff Helms worked for PSC in Hennessey, Oklahoma, all of which are located in this District.

17. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

18. Defendant PSC is based in Zanesville, Ohio and provides high pressure pumping, shale fracturing and acidizing, and water pumping services in the oil and gas industry.[2]

19. Defendant PSC operates in the states of Ohio, Oklahoma, West Virginia, New Mexico, Pennsylvania, and Texas.

20. To provide their services, PSC employed numerous employees who were (and continue to be) paid on an hourly basis plus non-discretionary bonuses—including Plaintiff Helms and the individuals that make up the putative or potential class.

21. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work.

22. Plaintiff Helms worked for PSC as a Shop Mechanic in Hennessey, Oklahoma from approximately August 2017 until February 2018.

---

[2] http://www.producersservicecorp.com.

23. As a Shop Mechanic, Plaintiff Helms worked on, repaired and/or maintained hydraulic fracturing ("frac") equipment used on frac jobs in the oilfield.

24. PSC paid Plaintiff and the Putative Class Members on an hourly basis plus non-discretionary bonuses.

25. While PSC actually paid overtime for all hours worked over forty (40) each workweek, PSC ***did not*** include the non-discretionary bonuses in calculating Plaintiff and the Putative Class Members' regular rate of pay as is required by federal law. Therefore, the overtime wages were improperly calculated resulting in the underpayment of overtime wages.

26. Upon information and belief, the non-discretionary bonuses were based upon a pre-determined formula established by PSC. Moreover, specific criteria had to be met in order to receive the bonuses.

27. When Plaintiff and the Putative Class Members met the criteria, they were entitled to receive the bonuses.

28. Plaintiff and the Putative Class Members received these non-discretionary bonuses on a regular and frequent basis.

29. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

30. Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

31. Pursuant to 29 C.F.R. § 778.209, these non-discretionary bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and the Putative Class Members' regular rates of pay before any and all overtime multipliers were applied.

32. PSC failed to include the non-discretionary bonuses in the calculation of their overtime rate as is required by federal law. Therefore, the overtime wages were improperly calculated resulting in the underpayment of overtime wages.

33. Accordingly, PSC's pay policies and practices violated the FLSA.

## V.
## CAUSES OF ACTION

**A. FLSA COVERAGE**

34. All previous paragraphs are incorporated as though fully set forth herein.

35. The FLSA Collective is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR PRODUCERS SERVICE CORPORATION, AT ANY TIME FROM JULY 16, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER, WERE PAID OVERTIME BUT WHOSE BONUSES WERE NOT INCLUDED IN THE REGULAR RATE OF PAY FOR PURPOSES OF DETERMINING THEIR PROPER OVERTIME RATE ("FLSA Collective" or "FLSA Collective Members").**

36. At all times hereinafter mentioned, PSC has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

37. At all times hereinafter mentioned, PSC has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

38. At all times hereinafter mentioned, PSC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the

production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

39. During the respective periods of Plaintiff and the FLSA Collective Members' employment by PSC, these individuals provided services for PSC that involved interstate commerce for purposes of the FLSA.

40. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

41. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees who worked for PSC and were engaged in services that were directly essential to the production of goods for PSC and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

42. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

43. In violating the FLSA, PSC acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

44. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 35.

45. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of PSC.

## B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

46. All previous paragraphs are incorporated as though fully set forth herein.

47. PSC violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

48. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of PSC's acts or omissions as described herein; though PSC is in possession and control of necessary documents and information from which Plaintiff and the FLSA Collective Members would be able to precisely calculate damages.

49. Moreover, PSC knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation. 29 U.S.C. § 255(a).

50. PSC knew or should have known its pay practices were in violation of the FLSA.

51. PSC is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

52. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted PSC to pay overtime in accordance with the law.

53. The decision and practice by PSC to not pay the proper amount of overtime was neither reasonable nor in good faith.

54. Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. FLSA COLLECTIVE ACTION ALLEGATIONS

55. All previous paragraphs are incorporated as though fully set forth herein.

56. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff Helms.

57. Other similarly situated employees have been victimized by PSC's patterns, practices, and policies, which are in willful violation of the FLSA.

58. The FLSA Collective Members are defined in Paragraph 35.

59. PSC's failure to pay the proper amount of overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

60. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

61. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

62. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

63. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

64. PSC has employed a substantial number of similarly situated individuals across the United States since July 16, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

65. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and PSC will retain the proceeds of its rampant violations.

66. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

67. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 35 and notice should be promptly sent.

# VI.
# RELIEF SOUGHT

68. Plaintiff Helms respectfully prays for judgment against PSC as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 35 and

requiring PSC to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

  b. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  c. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

  d. For an Order pursuant to Section 16(b) of the FLSA finding PSC liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

  e. For an Order awarding Plaintiff Helms the costs and expenses of this action;

  f. For an Order awarding Plaintiff's attorneys' fees;

  g. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  h. For an Order awarding Plaintiff Helms a service award as permitted by law;

  i. For an Order compelling the accounting of the books and records of PSC, at PSC's own expense;

j. For an Order providing for injunctive relief prohibiting PSC from engaging in future violations of the FLSA, and requiring PSC to comply with such laws going forward; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: July 16, 2018

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander** (*Pro Hac Vice Anticipated*)
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy** (*Pro Hac Vice Anticipated*)
Texas Bar No. 24071993
lauren@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**MCINTYRE LAW, P.C.**

By: /s/ *Noble K. McIntyre*
**Noble K. McIntyre**
Oklahoma Bar No. 16359
noble@mcintyrelaw.com
8601 S. Western Avenue
Oklahoma City, Oklahoma 73139
Telephone: (405) 917-5250
Facsimile: (405) 917-5405

**Attorneys in Charge for Plaintiff and the Putative Class Members**